**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-80949-RAR**

**FARES MUSTAFA**,

Petitioner,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

Respondent.
_______________________________________/

**ORDER DENYING IN PART AND DISMISSING IN PART**
**HABEAS CORPUS PETITION**

**THIS CAUSE** is before the Court on a *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, challenging Petitioner's convictions and sentences imposed by the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, in Case No. 502011CF004854A. *See* Petition [ECF No. 1] ("Pet."). Petitioner also filed a memorandum of law in support of the Petition. *See* Memorandum of Law [ECF No. 7].[1] Respondent filed a Response to the Petition. *See* Response to Order to Show Cause ("Response") [ECF No. 8].

Having carefully reviewed the record and governing law, and for the reasons set forth below, the Court **DENIES** Ground 1 and **DISMISSES** Grounds 2 through 10 of the Petition.

## PROCEDURAL HISTORY

On June 23, 2011, Petitioner was charged by Amended Indictment in Count 1 with first degree murder of John Anderson with a firearm, in violation of Fla. Stat. § 782.04(1); in Count 2 with attempted first-degree murder of Katherine Coonrod with a firearm, in violation of Fla. Stat.

[1] The memorandum of law addresses the same ten grounds argued in the Petition. *See* [ECF Nos. 1, 7].

§ 782.04(1); in Count 3 with burglary while armed with a firearm, in violation of Fla. Stat. § 810.02(1); and in Count 4 with shooting into a building, in violation of Fla. Stat. § 790.19. *See* Amended Indictment [ECF No. 9-1] at 2–4.

Petitioner proceeded to trial on all four counts in the Amended Indictment. On June 10, 2014, a Palm Beach County jury found Petitioner guilty as charged in Counts 2 and 4. On Count 1, the jury found Petitioner guilty of the lesser included offense of second-degree murder with a firearm, and the jury was unable to reach a verdict on Count 3. *See* Verdict [ECF No. 9-1] at 13-16. The state trial court adjudicated Petitioner guilty in accordance with the jury's verdict and sentenced Petitioner to fifty (50) years on Count 1, followed by a consecutive sentence of thirty-five (35) years on Count 2, followed by a consecutive sentence of four hundred and seventy-three point eight (473.8) months on Count 4. *See* Sentencing Orders [ECF No. 9-1] at 18–26.

Petitioner appealed his convictions and 124-year sentence to Florida's Fourth District Court of Appeal ("Fourth DCA"). *See* Notice of Appeal [ECF No. 9-1] at 28. On direct appeal, Petitioner argued that "[t]he cumulative effect of numerous and varied evidentiary errors and improper comments by the prosecution during closing arguments violated Appellant's federal and state due process rights and requires that his convictions and sentences be reversed and remanded for a new trial." *See* Direct Appeal Initial Brief [ECF No. 9-1] at 68.

Specifically, Petitioner argued the following points: the trial court erred in allowing "irrelevant and overly prejudicial" testimony regarding the location of the bullet holes in the Schleppeler residence, *id.* at 69; the trial court erred in allowing "the admission of the 911 tape as it was irrelevant, more prejudicial than probative and merely served to evoke sympathy for the victim", *id.* at 70; the trial court erred in allowing testimony concerning Petitioner's failure to express remorse prior to his arrest, *id.* at 71; the trial court erred in allowing Petitioner's ex-girlfriend to translate, from Arabic to English, and repeat statements made in a controlled call in

violation of Florida's best evidence rule, *id.* at 71; the trial court erred in allowing the prosecution to shift the burden of proof during its cross examination of Petitioner, *id.* at 75; and that numerous improper comments during closing argument required reversal, *id.* at 79. Based on the cumulative trial errors, Petitioner argued that due process was denied, and a new trial should be granted. *Id.* at 82. On October 27, 2016, the Fourth DCA per curiam affirmed Petitioner's conviction and sentence. [ECF No. 9-1] at 133.

Thereafter, on January 30, 2017, Petitioner filed a motion to mitigate his sentence. *See* Motion to Mitigate [ECF No. 9-1] at 137-145. Following a telephonic hearing, the trial court denied the motion on March 13, 2017, without a written order. *See* [ECF No. 9-1] at 147.

On March 6, 2018, Petitioner, through counsel, filed a motion for postconviction relief in the state trial court pursuant to Fla. R. Crim. P. 3.850. *See* Motion for Postconviction Relief [ECF No. 9-1] at 149–85. The Motion for Postconviction Relief alleged one ground for relief: that trial counsel was ineffective for "failure to challenge by way of a motion to suppress the confession given by Mustafa in South Carolina" following his arrest. *Id.* at 153-160. The State responded, *id.* at 166-177, Petitioner replied, *id.* at 179-182, and the trial court denied the Postconviction motion. *Id.* at 184-189. Petitioner filed a timely notice of appeal. *Id.* at 191-192. Without the filing of briefs, *id.* at 194, the Fourth DCA per curiam affirmed the trial court's order denying Petitioner's motion for postconviction relief. *Id.* at 199. Petitioner moved for a written opinion, *id.* at 198-202, and the Fourth DCA denied the request on July 11, 2022. *Id.* at 204.

On June 1, 2022, Petitioner filed a Second or Successive Motion for Post Conviction Relief raising four grounds for relief. *See* Second Motion for Postconviction Relief [ECF No. 9-1] at 206-218. The Motion raised three additional grounds for relief alleging that trial counsel was ineffective for: (1) "failing to object to unauthorized material in the jury room during deliberations", (2) "failing to object to error in the judge's failure to give a complete jury

instruction on the lesser-included offense of manslaughter written and orally", and (3) "failing to object and the Court erred in failing to give Mustafa an opportunity to speak or address the Court before imposing sentence." *Id.* The trial court denied the motion, finding that it was untimely and procedurally barred. *Id.* at 220-21. Petitioner *pro se* appealed the trial court's order, *id.* at 223, and at the time of this filing, the appeal remains pending in the Fourth DCA.[2]

Petitioner returned to the Fourth DCA on June 17, 2022[3], by filing a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. *See* State Habeas Petition [ECF No. 9-1] at 228-233. On July 26, 2022, the Fourth DCA dismissed the petition as untimely. *See* Order Denying State Habeas Petition [ECF No. 9-1] at 235.

Petitioner filed the instant Petition in this Court on June 20, 2022.[4] *See* Petition [ECF No. 1]. The Petition raises the following ten grounds for relief:

1. **Ground One**: "Ineffective assistance of counsel arising out of counsel's failure to challenge by way of a Motion to Suppress the confession given by Petitioner in South Carolina following his arrest in South Carolina, based on an argument that the arrest was illegal because it was made without first obtaining a South Carolina Fugitive Warrant, and the confession was fruit of the poisonous tree of the illegal arrest obtained in violation of Petitioner's Fourth Amendment Rights." Pet. at 4-5.

2. **Ground Two**: "The court erred in allowing Halum to translate controlled call statements made by herself and Petitioner from Arabic to English violating Petitioner's state and federal constitutional rights." *Id*. at 5.

3. **Ground Three**: "Trial counsel was ineffective when failing to object to transcripts given to the jury to review during deliberations. In allowing transcripts, not considered as part of evidence, in the jury room during deliberations Petitioner's state and federal constitutional rights were violated." *Id*. at 6.

---

[2] The Court takes judicial notice of the Fourth DCA docket at: http://onlinedocketsdca.flcourts.org/?court=4.

[3] There is no visible prison date stamp on the pleading; in other cases, courts have used the date it was signed by petitioner. *See, e.g., Paul v. Inch*, No. 18-20671-CV, 2020 WL 5633795, at *2 n.2 (S.D. Fla. Feb. 6, 2020), *report and recommendation adopted sub nom. Paul v. Sec'y, Fla. Dep't of Corr.*, No. 18-CV-20671-KMW, 2020 WL 5632711 (S.D. Fla. Sept. 21, 2020).

[4] There is no prison date stamp on the Petition, but Petitioner signed it on June 20, 2022.

4. **Ground Four**: "Trial errors were harmful denying a fair trial and due process of law as guaranteed by the Federal constitution." *Id.* at 7-8.

5. **Ground Five**: "Trial counsel was ineffective when failing to object to trial court's incomplete jury instructions on the lesser included offense of manslaughter and omitting manslaughter from the verdict form which is one-step removed from second-degree murder in which Petitioner was found guilty, violating Petitioner's state and federal constitutional rights." *Id.* at 8.

6. **Ground Six**: "Standard of review of the trial court's evidentiary rulings were abuse of discretion violating Petitioner's state and federal constitutional rights." *Id.* at 9-10.

7. **Ground Seven**: "Counsel was ineffective by failing to raise the issue that the victim made an in-court identification of Petitioner violating Petitioner's state and federal constitutional rights." *Id.* at 10-11.

8. **Ground Eight**: "Counsel was ineffective for failing to fully raise the issue that Petitioner's confession was illegally obtained." *Id.* at 10-11.

9. **Ground Nine**: "Counsel was ineffective by failing to raise the issue that the trial court erred in not giving the Petitioner an opportunity to speak or address the Court before imposing the sentence." *Id.* at 11-12.

10. **Ground Ten**: "Counsel was ineffective by failing to raise the issue that Petitioner's trial counsel, direct appeal counsel, and postconviction counsel were all distracted with their own serious life issues." *Id.* at 12.

## STANDARD OF REVIEW

### *A. Review Under 28 U.S.C. § 2254*

"As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Some of the more restrictive limits are found in § 2254(d). Under that provision, a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Consequently, § 2254(d) constructs a "highly deferential standard for evaluating state-court rulings" because, after all, this standard "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

"A state court's decision is 'contrary to' federal law if the 'state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Consalvo v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 842, 844 (11th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)) (brackets omitted). A state court's decision qualifies as an "an unreasonable application of federal law if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 413) (cleaned up). "'If this standard [seems] difficult to meet'—and it is—'that is because it was meant to be.'" *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

By its own plain terms, § 2254(d)'s deferential standard applies only when a claim "was adjudicated on the merits in State court proceedings[.]" 28 U.S.C. § 2254(d); *see also Cullen*, 563 U.S. at 181 ("If an application includes a claim that has been adjudicated on the merits in State court proceedings, § 2254(d), an additional restriction applies."); *Cone v. Bell*, 556 U.S. 449, 472 (2009) ("Because the Tennessee courts did not reach the merits of Cone's *Brady* claim, federal habeas review is not subject to the deferential standard that applies under AEDPA."). The summary denial of a claim with no articulated reasons presumptively serves as an adjudication on the merits subjecting the claim to § 2254(d)'s additional restrictions. *See Richter*, 562 U.S. at 100 ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). This is because

federal courts ordinarily presume that § 2254(d)'s deferential standard applies when a constitutional claim has been presented to a state court and denied in that forum. *See, e.g., id.* at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

At the same time, "federal court[s] should 'look through' [an] unexplained decision to the last related state-court decision that *does* provide a relevant rationale" if one exists. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (emphasis added). From there, federal courts "presume that the unexplained decision adopted the same reasoning." *Id.* "[T]he State may rebut [that] presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id.*

In addition to the standard of review imposed by AEDPA, the petitioner must also show that any constitutional error had a "substantial and injurious effect or influence" on the verdict to be entitled to habeas relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The Supreme Court has explained that, while the passage of AEDPA "announced certain new conditions to [habeas] relief," it did not supersede or replace the harmless error standard announced in *Brecht*. *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022). In other words, a habeas petitioner must also satisfy *Brecht*, even if AEDPA applies. *See id.* ("[A] federal court must *deny* relief to a state habeas petitioner who fails to satisfy either [*Brecht*] or AEDPA. But to *grant* relief, a court must find that the petition has cleared both tests.") (emphasis in original); *see also Mansfield v. Sec'y, Dep't of Corr.*, 679 F.3d 1301, 1307 (11th Cir. 2012) ("[A] habeas petition cannot be successful unless it satisfies both [AEDPA] and *Brecht*.").

***B. Ineffective Assistance of Counsel Claims***

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). This same standard applies to errors made by both trial counsel and appellate counsel. *See Grubbs v. Singletary*, 120 F.3d 1174, 1176 (11th Cir. 1997).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). If "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

**PROCEDURAL REQUIREMENTS**

***A. Timeliness***

Generally, "a person in custody pursuant to the judgment of a State court" has a one-year period to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). The parties agree that the Petition was timely filed. *See* [ECF No. 1] at 14; [ECF No. 8] at 4. Having reviewed the record in full, the Court finds that the Petition was timely filed.

***B. Exhaustion/Procedural Default***

Pursuant to 28 U.S.C. § 2254(b)–(c), habeas petitioners must also exhaust their claims before presenting them in a federal habeas petition. *See Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022) ("Plainly, the purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'") (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). This requirement is met if a petitioner "fairly present[ed] every issue raised in [their] federal petition to the state's highest court, either on direct appeal or on collateral review." *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (cleaned up). "If a petitioner fails to 'properly' present [their] claim to the state court—by exhausting [their] claims and complying with the applicable state procedure—prior to bringing [their] federal habeas claim, then [§ 2254] typically bars [courts] from reviewing the claim." *Id.* In other words, where a petitioner has not "*properly* presented his claims to the state courts," the petitioner will have "procedurally defaulted his claims" in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original). "In Florida, exhaustion usually requires not only the filing of a [Florida Rule of Criminal Procedure 3.850] motion, but an appeal from its denial." *Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (quoting *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)).

There are two equitable exceptions to the procedural default rule: "cause and prejudice" and "actual innocence." *See Dretke v. Haley*, 541 U.S. 386, 393 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. We have recognized a narrow exception to the general rule when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense."). To demonstrate "cause and prejudice," Petitioner must show that "some objective factor external to the defense impeded the effort to raise the claim properly in the state court[,]" and that, had the claim been properly raised, "there is at least a reasonable probability that the result of the proceeding would have been different." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017).

In contrast, the actual innocence exception can only be met when the petitioner provides new evidence showing that "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner bears the sole burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]") (cleaned up).

Similar to a limitations defense, the respondent also has the option to waive an exhaustion defense. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Here, Respondent concedes that Ground 1 of the Petition has been exhausted. *See* [ECF No. 8] at 5-6. Having waived any procedural objections to Ground 1,

the Court shall review that ground for relief on the merits without independently analyzing its exhaustion status. *See Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("States can waive procedural bar defenses in federal habeas proceedings, including exhaustion.") (cleaned up).

However, Respondent has raised exhaustion defenses to all other grounds in the Petition and requests that the Court dismiss these claims as procedurally defaulted. The Court will address each of these exhaustion arguments in turn.

***1. Ground 2 is Procedurally Defaulted***

The Court disagrees with Respondent's premise that this claim was not alleged "*individually* as a violation of his due process rights." [ECF No. 8] at 6. On direct appeal, Petitioner argued that "cumulative evidentiary errors" deprived him of his due process right to a fair trial under the Federal and State constitutions. *See* [ECF No. 9-1] at 69. Among the cumulative errors, Petitioner alleged that "[t]he Court erred in allowing Halum to repeat statements she had translated from Arabic to English made by herself and Appellant in the controlled call in violation of the best evidence rule." *Id.* at 71-72.

However, the Court still concludes that the claim is procedurally defaulted as the issue is one of state law and, therefore, not cognizable in a federal habeas action. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Petitioner argues that he "objected on grounds that the controlled call spoke for itself." [ECF No. 1] at 5. On direct appeal, he argued that the trial judge misinterpreted Florida's "best evidence rule," as codified in section 90.952 of the Florida Statutes, and he cited two Florida cases in support of his argument. *See* [ECF No. 9-1] at 71-75.

While the Petition may be "couched in terms of equal protection and due process," the Court finds that it actually involves state law issues. *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). Because Ground 2 of the Petition only raises issues of state law, it must be

dismissed. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Ground 2 is thus **DISMISSED**.

***2. Ground 3 is Barred Under the Independent and Adequate State Ground Doctrine***

The Court finds that Ground 3 is procedurally defaulted under the "independent and adequate state procedural ground" doctrine. This doctrine precludes a federal court from reviewing a petitioner's habeas claims—even if it raises valid matters of federal constitutional law—if "(1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up). In denying the Second Motion for Postconviction Relief, the trial court found that "[d]efendant's judgment and sentence became final on **December 2, 2016**. As Defendant's instant motion was filed on **June 1, 2022**, Defendant's Motion is untimely and procedurally barred." [ECF No. 9-1] at 221.

Under Florida's procedural rules, a Rule 3.850 postconviction motion cannot be filed "more than 2 years after the judgment and sentence become final[.]". Fla. R. Crim. P. 3.850(b). Although an amended rule 3.850 generally relates back to the original postconviction motion's filing date, any "[n]ew claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)." *Id.* 3.850(e); *see, e.g.*, *Venable v. State*, 227 So. 3d 644, 645 (Fla. 4th DCA 2017) ("The first two claims relate back to the original motion, which was timely filed. . . . The third claim does not relate back to the original motion, and it was not timely filed within the two-year time limit for rule 3.850(b) motions.").

The state postconviction court found that the substance of Ground 3 was not raised until June 1, 2022. The state postconviction court concluded that this claim was time-barred pursuant

to Rule 3.850(b)'s time limits; consequently, the Court must find that Ground 3 has been procedurally defaulted because it was disposed of under an independent and adequate state procedural ground. *See McCullough*, 967 F.2d at 535. Ground 3 is thus **DISMISSED**.

***3. Ground 4 is Barred Under the Independent and Adequate State Ground Doctrine***

Petitioner's Motion for Postconviction Relief makes no mention of jury instructions. *See* [ECF No. 9-1] at 149-162. The state postconviction court found that the substance of Ground 4 was not raised until Petitioner's June 1, 2022, Second Motion for Postconviction Relief. [ECF No. 9-1] at 221. For the previously stated reasons, Ground 4 has been procedurally defaulted because it was disposed of under an independent and adequate state procedural ground. Ground 4 is thus **DISMISSED**.

***4. Ground 5 is Barred Under the Independent and Adequate State Ground Doctrine***

As previously noted, Petitioner's Motion for Postconviction Relief makes no mention of jury instructions. *See* [ECF No. 9-1] at 149-162. The state postconviction court found that the substance of Ground 5 was not raised until Petitioner's June 1, 2022, Second Motion for Postconviction Relief. [ECF No. 9-1] at 221. For the previously stated reasons, Ground 5 has been procedurally defaulted because it was disposed of under an independent and adequate state procedural ground. Ground 5 is thus **DISMISSED**.

***5. Ground 6 is Unexhausted***

Petitioner asserts that the trial court erred "when it allowed the victim to make an in-court identification of Petitioner," and he states that he raised this claim on direct appeal. [ECF No. 1] at 9. Respondent counters that this alleged error was not discussed as one of the cumulative errors in Petitioner's Initial Brief on direct appeal, [ECF No. 9-1] at 68-78, and therefore the claim is unexhausted. Having carefully reviewed the record in full, the Court agrees with Respondent.

On direct appeal, Petitioner argued that the cumulative effect of five categories of evidentiary errors—in addition to a list of improper comments by the prosecutor in closing argument—warranted reversal and remand for a new trial. [ECF No. 9-1] at 69-83. At no point does Petitioner mention an in-court identification. *See id.* The Court finds that this claim is unexhausted in state court. Consequently, Ground 6 is procedurally defaulted in federal court.

Petitioner also fails to allege that an equitable exception to the procedural default rule applies. However, the Court notes that any such argument would fail as Petitioner's claim is refuted by the record—Victim Coonrod did not make an in-court identification of him. *See* [ECF No. 10-2] at 166. Rather, the following transpired during the victim's direct examination by the prosecutor:

> Q. "Now, you have been sitting here, and I'd like to ask you, now we are almost four years after the incident, are you able to positively, with certainty, point out anyone in this courtroom that is the gunman that shot you?"
>
> A. "No."

*Id.* Ground 6 is thus **DISMISSED**.

***6. Ground 7 is Unexhausted***

Petitioner asserts post-conviction counsel was ineffective in failing to raise that the victim made an in-court identification of Petitioner, thereby violating his state and federal constitutional rights. [ECF No. 1] at 10. Petitioner states that he raised this claim in his Second or Successive Motion for Post-Conviction Relief, but Respondent counters that the claim was not raised in that motion. *See* [ECF No. 8] at 8-9. Having carefully reviewed the record in full, the Court finds the claim was not raised in Petitioner's Second Motion for Postconviction Relief, *see* [ECF No. 9-1] at 206-218, and was thus unexhausted in state court. Consequently, Ground 7 is procedurally

defaulted in federal court and neither equitable exception to the procedural default rule applies. Ground 7 is thus **DISMISSED**.

***7. Ground 8 is Unexhausted***

Petitioner asserts that this claim, concerning counsel's failure to introduce internal affairs records, was raised in his Second or Successive Motion for Post-Conviction Relief. *See* [ECF No. 1] at 11. Respondent counters that the claim was not raised. *See* [ECF No. 8] at 9. Having carefully reviewed the record in full, the Court finds that the issue was unexhausted below and is therefore procedurally defaulted in federal court. *See* Second Post-Conviction Motion [ECF No. 9-1] at 206-274.

Moreover, neither equitable exception to the procedural default rule applies. Petitioner's allegations concerning Detective Vansteenburgh's internal affairs records in a separate case—and termination on an unrelated issue after trial—do not create "a reasonable probability that the result of the proceeding would have been different," *Harris*, 874 F.3d at 688, or make it "more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin*, 569 U.S. at 383. Ground 8 is thus **DISMISSED**.

***8. Ground 9 is Barred Under the Independent and Adequate State Ground Doctrine***

Petitioner's Motion for Postconviction Relief makes no mention of the trial court's failure to give Petitioner an opportunity to speak at sentencing. *See* [ECF No. 1] at 11-12. The state postconviction court found that the substance of this ground was not raised until Petitioner's June 1, 2022, Second Motion for Postconviction Relief. [ECF No. 9-1] at 221. For the previously stated reasons, Ground 9 has been procedurally defaulted because it was disposed of under an independent and adequate state procedural ground. Ground 9 is thus **DISMISSED**.

***9. Ground 10 is Barred Under the Independent and Adequate State Ground Doctrine***

Petitioner argues ineffective assistance in that his trial, appellate, and post-conviction counsel were all distracted with their own serious life issues. *See* [ECF No. 1] at 12-13. This issue was not raised in Petitioner's Second or Successive Motion for Postconviction Relief. *See* [ECF No. 9-1] at 206-274. Petitioner did raise the issue in his "Motion Under Rule 9.141 Review Proceedings" in the Fourth DCA. *See id.* at 232-33. However, the Fourth DCA dismissed the petition as untimely. *See id.* at 235. For the previously stated reasons, this ground has been procedurally defaulted because it was disposed of under an independent and adequate state procedural ground. Ground 10 is thus **DISMISSED**.

## ANALYSIS

Having determined that Grounds 2 through 10 of the Petition must be dismissed, the Court will now analyze the merits of Ground 1. In Ground 1, Petitioner asserts ineffective assistance due to counsel's failure to challenge, by way of a motion to suppress, his arrest and confession in South Carolina without a South Carolina fugitive warrant. *See* [ECF No. 1] at 4-5. Petitioner does not claim that his confession was coerced or involuntary. *See id.* Rather, he argues that it flowed from a warrantless, illegal arrest, and should be suppressed as fruit of the poisonous tree. *See id.*

In applying the standard of review set out in § 2254(d), the Court must review the reasonableness of the factual findings and legal conclusions made by "the highest state court decision reaching the merits of a habeas petitioner's claim[.]". *Newland v. Hall*, 527 F.3d 1162, 1199 (11th Cir. 2008). Although the Fourth DCA was the highest court to review all of Petitioner's claims on the merits, it did not issue a written opinion explaining its reasoning. *See* [ECF No. 9-1] at 133. Accordingly, the Court must "'look-through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson*, 138 S. Ct. at 1192.

The relevant rationale is found in the trial court's Order Denying Defendant's Motion for Postconviction Relief. [ECF No. 9-1] at 184-88. In denying the claim, the trial court explained:

> Although an arrest warrant is usually required to arrest a defendant, both Florida and South Carolina recognize that **an arrest is still legal if law enforcement had probable cause to suspect that a felony had been committed by the person being arrested**. *State v. Baccus*, 625 S.E. 2d 216, 220 (S.C. 2006) (citing *State v. George*, 476 S.E. 2d 903, 911 (S.C. 1996)); *State v. Cromartie*, 419 So. 2d 757, 759 (Fla. 1st DCA 1982). *Compare* § 901.15(2), (3), Fla. Stat. (2010), *with* S.C. Code Ann. § 17-13-10 (2010). In South Carolina, a law enforcement officer has probable cause to conduct a warrantless arrest if there are "reasonable grounds to suspect the party arrested may be guilty of a felony," or that "circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime has been committed by the person being arrested." *State v. Swilling*, 155 S.E. 2d 607, 617 (S.C. 1967); *Baccus*, 625 S.E. 2d at 220.
>
> Upon review of the record, **the Court concludes that the Orangeburg County Sheriffs Office's warrantless arrest was legal since they had probable cause to believe that Defendant had committed a felony. It is undisputed that South Carolina law enforcement had received Defendant's Florida warrant prior to his arrest**. (State Resp., Ex. "B," Arrest Warrant; Ex. "C," South Carolina Incident Report.). **An out-of-state arrest warrant is sufficient probable cause to obtain a fugitive warrant and is thus sufficient probable cause to effectuate a warrantless arrest of a fugitive**. *See* S.C. Code Ann. §§ 17-9-10, 17-13-10. *See also Jones v. Camden Police Dep't*, No. 09-2161, 2010 WL 3489021, at *4 (D.S.C. Aug. 13, 2010), *aff'd* 417 F. App'x 351 (4th Cir. 2011) (holding that an out-of-state arrest warrant and NCIC search was sufficient probable cause to receive a fugitive warrant under section 17-9-10); *Foss v. United States Marshals Serv.,* 541 F. App'x 745, 746 (9th Cir. 2013) (holding the same).
>
> In his Reply, Defendant argues, without citing any case law or statute, South Carolina law does not allow for the warrantless arrest of a person whose offenses occurred outside of the state. This is simply untrue. South Carolina's warrantless arrest law only requires that law enforcement have "certain information that a felony has been committed," and does not differentiate between in-state or out-of-state felonies. S.C. Code Ann. § 17-13-10 (2010). In addition, federal courts have recognized for over one hundred years that "a police officer in one jurisdiction may arrest without a warrant a fugitive from another jurisdiction so long as the arresting officer has

> probable cause to make the arrest and the arrest is lawfully effected in the jurisdiction where it is made." *United States v. Miles*, 413 F.2d 34, 40 (3d Cir. 1969) (emphasis added) (citing *Stallings v. Splain*, 253 U.S. 339, 341 (1920)). South Carolina law is clear that the Orangeburg County Sheriff's Office had probable cause to arrest Defendant because it had knowledge of a Florida warrant charging Defendant with multiple felonies, and that a warrantless arrest is proper when law enforcement has reason to believe that a person has committed a felony. *See* S.C. Code Ann. § 17-13-10 (2010); *Baccus*, 625 S.E.2d at 220. **Since Defendant's arrest was legal, trial counsel cannot be ineffective for failing to file a meritless motion to dismiss based on the "fruit of the poisonous tree."** *See Lebron v. State*, 135 So. 3d at 1053. For this reason, Defendant's Motion must be denied as legally insufficient. *Id.* at 187-88.[5]

Having carefully reviewed the record in full, the Court finds nothing unreasonable with the trial court's rejection of ineffective assistance of counsel in Ground 1. *Wilson*, 138 S. Ct. at 1192 (requiring a federal court sitting in habeas to defer to "reasonable" reasons given by the state court in rejecting a claim for relief). As the trial court notes, an out-of-state arrest warrant is sufficient probable cause to obtain a fugitive warrant and is thus sufficient probable cause to effectuate a warrantless arrest of a fugitive. Because South Carolina law enforcement had received Defendant's Florida warrant prior to his arrest, the arrest was legal. As such, there was no legal basis for counsel to file a motion to suppress. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim[.]").

In conclusion, Petitioner cannot be prejudiced by counsel's failure to file a meritless claim—and counsel was certainly not deficient for failing to do so. Accordingly, this claim is denied under both the "prejudice" and "deficient performance" prongs of *Strickland*. 466 U.S. at 687-88. Ground 1 is thus **DENIED**.

[5] The trial court mistakenly refers to a motion to "dismiss," rather than to "suppress" evidence. However, in context, it is clear the trial court was referring to a motion to suppress. This error does not affect the outcome of the Petition.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Shriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the [state court] record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

Here, reasonable jurists would not debate the correctness of the Court's denial of Ground 1, nor would any reasonable jurist second-guess the Court's ruling that Grounds 2 through 10 are procedurally defaulted. Accordingly, a COA must be denied on all claims.

## CONCLUSION

Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED in part** and **DENIED in part**. Ground 1 is **DENIED**. Grounds 2 through 10 are **DISMISSED** as procedurally defaulted. Any request for a certificate of appealability is **DENIED**, and an evidentiary hearing is **DENIED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. Accordingly, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 3rd day of October, 2022.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record

Fares Mustafa
W18115
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
PRO SE